# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Charles Tyrone Cason,

     Plaintiff

v.

Southern Desert Correctional Center, et al.,

     Defendants

Case No.: 2:18-cv-001419-JAD-NJK

**Order Adopting Report and Recommendation and Dismissing and Closing Case**

[ECF No. 11]

On July 22, 2019, the court ordered service to be accomplished on lone Defendant Worthey,[1] but the record contains no indication of successful service.[2]  So, on February 24, 2020, the court ordered plaintiff to show cause, by March 16, 2020, why this case should not be dismissed for lack of service.[3]  Plaintiff filed nothing, so on April 13, 2020, the magistrate judge recommended that this case be dismissed under Federal Rule of Civil Procedure 4(m) for lack of service.  The deadline for objections to that report and recommendation passed without objection or a request to extend the deadline to file one.  "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[4]  Having reviewed the R&R, I find good cause to adopt it, and I do.

---

[1] ECF No. 7.

[2] *See* ECF No. 9 (summons returned unexecuted).

[3] ECF No. 10.

[4] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

FRCP 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[5] Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[6]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[7]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[8]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[9]

---

[5] Fed. R. Civ. Proc. 4(m).

[6] Fed. R. Civ. Proc. 4(c).

[7] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[8] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[9] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[10] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[11] and that warning was given here. The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Because plaintiff has not demonstrated that process has been served within the time prescribed by FRCP 4(m),

**IT IS THEREFORE ORDERED that the Report and Recommendation [ECF No. 11] is ADOPTED in full, and this case is DISMISSED without prejudice** under FRCP 4(m).

IT IS FURTHER ORDERED that **the Clerk of Court is directed to CLOSE THIS CASE.**

Dated: April 30, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[10] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[11] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.